McRAE, P.J.,
Dissenting:
¶ 19. I dissent to the majority’s determination that this cause should be sent back for further explanation by the chancellor using the factors established in Martin v. Coop, 693 So.2d 912 (Miss.1997). There is no explanation needed. The facts clearly show that the ex-paternal grandmother is a stranger to this child under our law.
¶ 20. The record shows that the child was adopted by her maternal grandpar *507 ents (“parents”) and has lived with them since birth. Her paternal grandmother, who now seeks visitation, had voluntary-contact with her up until she was two (2) years old. The child is now five (5) years old and has not had visitation with her paternal grandmother in three (3) years.
¶ 21. At the time when visitations were permitted, the paternal grandmother’s “live in boyfriend” had a son who had been diagnosed with sexual deviance. Testimony and evidence also tended to show that there was some concern that the child may have been sexually abused. The chancellor in her rulings stated that she was “concerned by the fact that [the paternal grandmother had] allowed [the child] to have contact with a known sex offender.” When the allegations of abuse arose, the paternal grandmother contacted DHS and accused the parents of sexual abuse. Upon investigation, the parents were cleared of any wrong doing.
¶ 22. When the father relinquished his parental rights, he became a stranger to this child by law. So too has the paternal grandmother. The child has not seen or been in contact with her paternal grandmother in three years. They have no relationship on which to justify the granting of visitation. Miss.Code Ann. § 93-16-3 (Rev.1994) provides in pertinent part that:
(2) Any grandparent who is not authorized to petition for visitation rights pursuant to subsection (1) of this section may petition the chancery court and seek visitation rights with his or her grandchild, and the court may grant visitation rights to the grandparent, provided the court finds:
(a) That the grandparent of the child had established a viable relationship with the child and the parent or custodian of the child unreasonably denied the grandparent visitation rights with child; and
(b) That visitation rights of the grandparent with the child would be in the best interest of the child.
(3) For the purpose of subsection (2) of this section, the term “viable relationship” means a relationship in which the grandparents or either of them have voluntarily and in good faith supported the child financially in whole or in part for a period of not less than six (6) months before filing any petition for visitation rights with the child or the grandparents have had frequent visitation including occasional overnight visitation with said child for a period of not less than one (1) year.
(emphasis added). The majority undermines this code section by stating that “[t]he Legislature would not have given a natural grandparent standing to seek visitation if it considered natural grandparents to be ‘strangers’ and intended for their visitation rights to be terminated.” It is the majority that misapprehends by its analysis. Just because the grandparents may have standing to seek visitation does not mean that under these circumstances the factors for granting visitation are satisfied or that it is in the best interest of the child to grant the grandmother visitation. The facts show that the grandmother has not supported the child financially and has not seen the child frequently within the last three years. There is no viable relationship between the grandmother and the child upon which to base the need for visitation. The burden was upon the grandmother to produce such evidence. Since there was no evidence presented that would support a finding for visitation under Miss.Code Ann. § 93-16-3, the chancellor was justified in denying visitation.
¶23. Additionally, it would not be in the child’s best interest to grant visitation to the grandmother. The facts clearly *508 show that allowing visitation by the grandmother eonld be detrimental to the child’s health and well being. The grandmother continuously disregarded the legal parent’s visitation restrictions. She took the child to the shipyards despite repeated demands by the legal parents that she not take her there. She maintained a known sex offender in her home and even let the child be alone with him. Even after allegations of sexual abuse arose, she still continued to allow the sex offender to remain in her home. Visitation by the paternal grandmother would not be in the best interest of the child.
¶ 24. For these reasons, I respectfully dissent.